PHILIP J. KESSLER, ESQ. (P15921) (Pro hac vice)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Telephone: (313)465-7630
Facsimile: (313)465-7631
pkessler@honigman.com

DIANA E. HOFFMAN, ESQ.,  S.B.N. 64978
Law Offices of Diana E. Hoffman
4441 Descent Ct.
Sparks, NV 89436
Telephone: 775.682.1777
Facsimile: 775.295-1017
Email: hoffman.diana@gmail.com

FRANK Z. LEIDMAN, ESQ., S.B.N. 96294
Law Offices of Frank Z. Leidman
Law Chambers Building
345 Franklin Street, Suite 105
San Francisco, California  94102
Tel.:  (415) 982-0321
Fax:  (415) 982-7495
Email: Frank@LeidmanLaw.com

*Attorneys for Defendant SMITH Electric Vehicles Corporation
 f/k/a SMITH Electric Vehicles US Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVE WAY INTERNATIONAL LIMITED,<br><br>       Plaintiff,<br><br>       v.<br><br>SMITH ELECTRIC VEHICLES CORPORATION, f/ka/ SMITH ELECTRIC VEHICLES US CORP.,<br><br>       Defendant(s). | Case No. 3:17-mc-80118-EMC<br><br>**DEFENDANT SMITH ELECTRIC VEHICLE CORPORATION'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION** |

1

# <u>TABLE OF CONTENTS</u>

2

3    TABLE OF AUTHORITIES   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

4

5    INTRODUCTORY FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

6

7    ARGUMENTS

8    I.      MAGISTRATE KIM'S REPORT AND RECOMMENDATION
            SHOULD NOT BE CONSIDERED BY THE DISTRICT COURT
9            AS NOT SUBMITTED AS REQUIRED BY 28 U.S.C. §636  . . . . . . . . . . . . . . . . . . . . .   3

10   II.     IF THE COURT CONSIDERS THE MAGISTRATE'S REPORT
            AND RECOMMENDATION, DEFENDANT SMITH OFFERS
11           THE FOLLOWING OBJECTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

12   III.    THE STOCK WHICH ACTIVE WAY ATTEMPTED TO EXECUTE
            UPON WAS IMPROPERLY ISSUED AND QUESTIONABLE AT
13           BEST AS TO ITS LEGITIMACY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

14

15   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

16   CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

17

18

19

20

21

22

23

24

25

26

27

28

i

1

**TABLE OF AUTHORITIES**

2

CASES

3

*Adam v. Saenger,*
    303 U.S. 59 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

4

*Aetna State Bank v. Altheimer,*
    430 F.2d 750 (7th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5

6

*Airlines Reporting Corp v. Renda,*
    177 Cal.App. 4th 14 (4th Dist. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7

*Alaniz v. California Processors, Inc.,*
    690 F.2d 717, 720 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8

9

*Aldrich v. Bowen,*
    130 F.3d 1364, 1365 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

10

*Covington Industries v. Resintex AG,*
    629 F.2d 730 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

11

12

*Dabney v. Dabney,*
    104 Cal.App.4th 379 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13

*Gomez v. United States,*
    490 U.S. 858 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14

15

*Graciette v. Star Guidance, Inc.,*
    66 F.R.D. 424 (S.D.N.Y. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16

*Hajek v. Burlington Northern R.R. Co.,*
    186 F.3d 1105 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17

18

*Hertz v. Friend,*
    559 U.S. 77 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19

*Hormann v. Northern Trust Co.,*
    114 F.2d 118 (7th Cir.), cert. den. 311 U.S. 713 (1940) . . . . . . . . . . . . . . . . . . . . . . . . 8

20

21

*In re Marriage of Nasca,*
    160 F.3d 578, 579 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

22

*Peretz v. United States,*
    501 U.S. 923 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

23

24

*San Vicente Med. Partners Ltd. v. American Principals Holdings, Inc.,*
    865 F.2d 1128, 1131 (9th Cir 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

25

*Thompson Pacific v. City of Sunnyvale,*
    155 Cal.App.4th 525 (6th Dist. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

26

27

*United States v. Colacurcio,*
    84 F.3d 326 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28

*United States v. Gomez-Lepe,*
      207 F.3d 623 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States Hi-Way Electric Co. v. Home Indemnity Co.,*
      549 F.2d 10 (7th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Veltze v. Bucyrus-Erie Company,*
      791 F.Supp. 1363 (E.D. Wisc. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STATUTES AND RULES

      California Code of Civil Procedure §1710-1716 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      Federal Rules of Civil Procedure, Rule 72 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Federal Rules of Civil Procedure, Rule 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

      Federal Rules of Civil Procedure, Rule 60(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      Federal Rules of Civil Procedure, Rule 62(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      U.S.D.C., N.D.CA Local Rule 72-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      28 U.S.C. §636 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

      28 U.S.C. §636(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      28 U.S.C. §636(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

      28 U.S.C. §636(b)(1) (A) and (C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      28 U.S.C. §636(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      28 U.S.C. §636(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

OTHER AUTHORITY

      2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, §12 . . . . . . . . . . . . . . . . . . . . . . . . 9

      Uniform Foreign-country Money Judgments Recognition Act of 2005 . . . . . . . . . . . . . . . 7

      Restatement 3d of the Foreign Relations Law of the U.S., §482 . . . . . . . . . . . . . . . . . . . 7

1  Defendant, SMITH ELECTRIC VEHICLES CORPORATION, formerly known as SMITH

2  ELECTRIC VEHICLES US CORP. (hereafter known as "SMITH") submits its Objections to the

3  Magistrate's Report and Recommendation.

4

5  **INTRODUCTORY FACTS**

6  This case arises from schemes masterminded by the Five Dragons Group ("FDG"), an

7  electric vehicle manufacturing conglomerate in China, to get control of SMITH ELECTRIC

8  VEHICLES CORPORATION ('SMITH") and eliminate it as a U.S. competitor---a market FDG

9  intended to dominate. The parties to this action are the Plaintiff, ACTIVE WAY ("ACTIVE

10  WAY"), a financing subsidiary of "FDG", the Hong Kong partner to the Joint Venture now named

11  "Chanje," and Defendant, SMITH, a Delaware Corp., with headquarters in Kansas City, MO

12  (hereinafter "SMITH"), the other partner to the Joint Venture "Chanje."

13  In May of 2015, FDG and SMITH entered into the Joint Venture through contribution and

14  license agreements. [USDC Dkt. 8-4.] For the purpose of summarizing the terms of the agreements,

15  the Joint Venture involved SMITH's contribution of both its U.S. marketing rights for its electric

16  trucks and its intellectual property both exclusively for the Joint Venture in the U.S. market. FDG

17  was, in turn, to contribute funding and intellectual property.

18  The Joint Venture's terms were negotiated between SMITH's CEO, Brian Hansel, and

19  Jaime Che, a senior FDG officer (and senior officer of ACTIVE WAY).  Hansel convinced

20  SMITH's Board of Directors that the Joint Venture was the best means by which SMITH would

21  accelerate the sales of its electric trucks. Shortly before the Joint Venture's terms were approved by

22  SMITH's Directors, Hansel, for the first time, disclosed that he was resigning as SMITH's CEO to

23  become the Joint Venture's CEO, the majority owner of which was FDG.  In his new position as the

24  Joint Venture's CEO, Hansel completely reversed his prior assurances to SMITH regarding the

25  advantages of the Joint Venture.  After contriving a series of negotiating roadblocks, Hansel

26  informed SMITH that the Joint Venture would not sell SMITH's electric vehicles (ie, after he had

27  persuaded SMITH to transfer its exclusive U.S. marketing rights to the Joint Venture).  The absence

28  of U.S. sales prospects both exacerbated SMITH's capital shortage and prevented SMITH, as a

practical matter, from obtaining financing from third party sources. [USDC Dkt. 10-3, Exhibit 1].

FDG took advantage of this situation and arranged for ACTIVE WAY, its subsidiary, to provide loans some of which were collateralized with SMITH's stock in Chanje; other loans were unsecured. FDG knew that without SMITH's ability to obtain further funding and its ability to sell its trucks in the U.S., SMITH would be unable to repay the loans. [USDC Dkt. 10-3, Exhibit 1]. The unsecured loans in the amount of approximately $1.2M are the subject of the judgments in this action.

The fraudulent conduct described briefly herein required SMITH to file a lawsuit in Delaware in 2016. [USDC Dkt. 10-3, Exhibit 1]. Due to lack of funding SMITH voluntarily dismissed the case without prejudice.

SMITH had no knowledge of the Hong Kong proceedings in 2016 until judgment was attempted by ACTIVE WAY to be enforced in Missouri in mid-2017. [USDC Dkt.10-4, Exhibit 1].

Without proper service nor notice to SMITH and contrary to the jurisdiction provisions of the Joint Venture agreement which called for mandatory jurisdiction in Delaware, ACTIVE WAY filed suit against SMITH in Hong Kong to collect the loans and obtained a default judgment on October 19, 2016 (hereinafter "the Hong Kong Default Judgment"). ACTIVE WAY misrepresented to the Hong Kong Court that SMITH had been properly served. The undisputed facts are that service was allegedly made on an accounting clerk who was never authorized to accept service of process and **who had been terminated** by SMITH three weeks before the alleged service. [USDC Dkt. 10-1, Exhibit 1]. When SMITH did not appear in the Hong Kong proceeding, the Hong Kong Court entered a default judgment for the amount of the loans plus interest. [USDC Dkt. 10-4, Exhibit 1].

ACTIVE WAY thereafter pursued collection in the U.S. District Court in Missouri, again misrepresenting the facts. ACTIVE WAY falsely represented to the Missouri District Court that proper service had occurred on SMITH in the Hong Kong action, whereupon the Missouri Court recognized the Hong Kong Judgment. [USDC Dkt. 10-4, Exhibit 1]. SMITH first appeared in the Missouri Court when ACTIVE WAY was seeking the Appointment of a Receiver and a Writ of Execution on personal property, i.e. the stock in Chanje allegedly owned by SMITH. [USDC Dkt.

1  10-4 and Declaration of Phillip O. Willoughby attached hereto and incorporated by reference].  The

2  Missouri Federal Court denied ACTIVE WAY's request for either a Receiver and/or a Writ of

3  Execution.  The Court's refusal to issue the Writ of Execution was prompted by ACTIVE WAY's

4  representation that the personal property (i.e. in reality, the subject stock) was located in California,

5  and the fact that ACTIVE WAY gave the District Court no authority  permitting an extra-territorial

6  execution. [USDC Dkt. 10-4, Exhibit 1].

7         The pattern of ACTIVE WAY's extrinsic fraud on the Courts continued.  In California, the

8  registration of the Missouri Judgement constituted ACTIVE WAY's extrinsic fraud on this Court.

9  ACTIVE WAY **never** properly served SMITH with process concerning the California proceeding

10  frustrating SMITH's ability to defend and violating SMITH's due process rights. [USDC Dkt. 5].

11  SMITH did not learn of the California proceeding until **after** the Writ of Execution had been issued

12  on October 2, 2017.  [USDC Dkt. 10].  ACTIVE WAY also failed to give SMITH thirty days'

13  notice, as required by applicable law.  Service was claimed to have been made on September 29,

14  2017 while the Writ was issued on October 2, 2017. [USDC Dkt. 5 and 7].

15         None of the parties to this action do business in California nor was there personal property

16  of SMITH in existence to execute upon in California, until, through Hansel acting as the Joint

17  Venture's President and Secretary "issued" the stock just in time for the U.S. Marshal to seize it.

18  [USDC Dkt. 25 and 26; see also Declaration of Diana Hoffman accompanying these Objections,

19  and Exhibits thereto].  As shown in SMITH's motion papers in this case [USDC Dkt. 10, 20, 29, 38,

20  40; see also 9th Cir. Dkt. 6, 7, 9, 10] and in the arguments below, the judgments in both Hong Kong

21  and Missouri were void because they were based on extrinsic fraud and wholly improper service of

22  process. Therefore, there was neither personal jurisdiction nor subject matter jurisdiction in

23  California.

24                          **ARGUMENTS**

25  **I.     MAGISTRATE KIM'S REPORT AND RECOMMENDATION
            SHOULD NOT BE CONSIDERED BY THE DISTRICT COURT**
26  **        AS NOT SUBMITTED AS REQUIRED BY 28 U.S.C. §636**

27         This matter is before the District Court pursuant to the Ninth Circuit's Order of December 8,

28  2017 which remanded to the District Court the threshold determination of whether the parties consented

1    to the Magistrate Judge's jurisdiction under 28 U.S.C. §636; and, upon such determination that no

2    consent was given, that the Magistrate exceeded her jurisdiction in denying SMITH's motion to

3    temporarily stay execution of the judgment which "effectively denied injunctive relief." [9th Cir. Dkt.

4    11.][1]

5          The Magistrate, on December 11, 2017, vacated her prior orders denying the stay and granting

6    ACTIVE WAY's Motion to Sell Stock and Credit Bid.

7          On December 11th and 12th, the Magistrate entered two **additional** orders. Before ordering

8    reassignment of the case to District Judge Chen on December 12th [USDC Dkt. 45], on December 11th

9    the Magistrate issued a "Report and Recommendation" on the merits. [USDC Dkt. 44]. This Report and

10   Recommendation had not been issued pursuant to a specific assignment by the District Court and 28

11   U.S.C. §636 does not provide for magistrates to issue a Report and Recommendation sua sponte. Under

12   28 U.S.C. §636 (b)(1) (A) and (C), upon assignment **and consent of the parties to that assignment**,

13   the Magistrate may be assigned to conduct hearings and issue Report and Recommendations (although

14   injunctive relief is specifically excluded).

15         Here, it is beyond factual dispute that the Magistrate's Report and Recommendation was issued

16   contrary to the clear intent of the controlling statute and the Ninth Circuit's directive. *See United States*

17   *v. Colacurcio* 84 F.3d 326 (9th Circ. 1996). While *Colacurcio* relates to a criminal proceeding, the

18   statute explicitly excludes injunctive relief from the Magistrate's duties [28 U.S.C. 636(b)(1)].

19   Accordingly, the reasoning of *Colacurcio* applies in this matter. Without SMITH's consent, which was

20   never obtained, the Magistrate's Report and Recommendation should not be considered.

21         The parties never explicitly consented to the jurisdiction of the Magistrate Judge and the record

22   in the District Court is devoid of any evidence of any such consent. Therefore, the Report and

23   Recommendation of the Magistrate Judge must be set aside and ignored on remand as a nullity. *See*

24   28 U.S.C. §636(c)(3); *In re Marriage of Nasca*, 160 F.3d 578, 579 (9th Cir. 1998), citing *Aldrich v.*

25

26   _____

     [1] This Court emailed the parties on December 12, 2017, and referenced Fed.R.Civ.P. Rule 72 and Local Rule
     72-2. These rules relate to pretrial orders where consent is not required. Since the matter before the Court is not a
27   pretrial matter but rather recognition and enforcement proceedings and stays related thereto, these rules do not apply and
     28 U.S.C. 636(b) controls.

28

1  *Bowen*, 130 F.3d 1364, 1365 (9th Cir. 1997) ("'Consent by failure to object' is insufficient to clothe

2  the magistrate with §636(c) powers."); *Nasca*, 160 F.3d at 579 (Consent must be "explicit, clear and

3  unambiguous.") *Id. See also, Aldrich, supra.*; *Alaniz v. California Processors, Inc.*, 690 F.2d 717, 720

4  (9th Cir. 1982) (consent must be "clear and unambiguous"); *San Vicente Med. Partners Ltd. v.*

5  *American Principals Holdings*, Inc., 865 F.2d 1128, 1131 (9th Cir 1989) (consent must be "explicit").

6      As the *Nasca* court makes clear, 160 F.3d at 579:

7          Section 636(c) requires that the parties' decision "be communicated to
   the clerk of the court" and Fed.R.Civ.P. 73(b) requires that the parties

8          'execute and file a joint form of consent or separate forms of consent.'
   Consent will not be inferred from the silence or conduct of the parties.

9          *See Alaniz*, 690 F.2d at 720 ("[T]he parties ask us to view their conduct
   throughout the proceedings below as constituting the necessary consent.

10          This we refused to do.")

11      As a result of the lack of jurisdiction in *Nasca*, the Court of Appeals directed the Magistrate

12  Judge to "withdraw his remand order" noting that there was "no authority to enter any order or make

13  any ruling dispositive or otherwise." *Nasca*, 160 F.3d at 580 note 3. Similarly here, the Magistrate

14  Judge's Report and Recommendation must be withdrawn.

15      More recent cases in the Ninth Circuit do not deviate from the clear rule stated above.  In *United*

16  *States v. Gomez-Lepe*, 207 F.3d 623 (9th Cir. 2000), after first discussing Supreme Court precedent on

17  the authority of the Magistrate Judge, and citing *Gomez v. United States*, 490 U.S. 858 (1989) and

18  *Peretz v. United States*, 501 U.S. 923 (1991), the *Gomez-Lepe* court in a criminal case relied on *Nasca*

19  as well as *Hajek v. Burlington Northern R.R. Co.*, 186 F.3d 1105 (9th Cir. 1999) to conclude that the

20  Magistrate Judge exceeded his authority when the parties did not "affirmatively consent" to his

21  jurisdiction. *Gomez-Lepe*, 207 F.3d at 631.

22      Therefore, the motions of SMITH should be decided *de novo* by the District Judge without

23  consideration of the Magistrate's Report and Recommendation.

24

25    **II.**    **IF THE COURT CONSIDERS THE MAGISTRATE'S REPORT**
            **AND RECOMMENDATION, DEFENDANT SMITH OFFERS**

26          **THE FOLLOWING OBJECTIONS**

27      Beginning on page 1 of the Magistrate's Report and Recommendation (USDC Dkt. 44), the

28  Magistrate neglects to point out that the judgment that SMITH was contesting was a **default** judgment

1  in Hong Kong.  That default was due to the lack of service of process upon SMITH and extrinsic fraud

2  by ACTIVE WAY's misrepresentation to the Hong Kong court that service had been proper. (*See*

3  Introductory Facts, *supra*.).  The Missouri case was initially a recognition proceeding, and progressed

4  to an enforcement proceeding.

5        Therefore, the Magistrate's statement regarding the Missouri proceeding, that "… Defendant

6  failed to raise any ground for refusing to recognize that foreign judgment," is unfair. ACTIVE WAY

7  had filed its Petition for Registration of its Hong Kong Judgment in Missouri approximately **five (5)**

8  **months** prior to SMITH's appearance at the hearing on whether to approve the Motion for

9  Appointment of Limited Receiver.  In March, ACTIVE WAY's initial Writ was returned by the U.S.

10  Marshal as non-executable. [Declaration of Phillip O. Willoughby, accompanying this Objections and

11  Exhibit 1 thereto, Missouri USDC Dkt. 16.].  On April 6, 2017, the Missouri Court issued its "Agenda"

12  directing counsel as to which subjects it wanted counsel to address at the hearing. [See Declaration of

13  Phillip O. Willoughby, accompanying these Objections, and Exhibit 2 thereto, Missouri USDC Dkt.

14  17.]. The registration of the Judgment was not on the Agenda and the Court proceeded to oral argument

15  of the pending motions for receivership and creditor's bill. SMITH entered the case on April 10, 2017.

16  [Declaration of Phillip O. Willoughby, accompanying these Objections, and Exhibit 3 thereto, Missouri

17  USDC Dkt. 22.].  ACTIVE WAY referenced in its moving papers that the Hong Kong Judgment had

18  been recognized by the Missouri Court in February of 2017.  In fact, the judgment was not entered until

19  July 31, 2017.  [USDC Dkt. 1].

20        Smith appeared in the enforcement proceeding for the creditor's bill and the motion for

21  appointment of a limited receiver. [*See* Declaration of Phillip O. Willoughby, accompanying these

22  Objections].  The Missouri Court denied the request for the appointment of a limited receiver because

23  ACTIVE WAY had failed to show the necessity for the extraordinary remedy. [USDC Dkt. 10-4,

24  Exhibit 1.] The Missouri Court also denied the request for a writ of execution because the Court had

25  no jurisdiction over the stock which ACTIVE WAY represented was in California. [Declaration of

26  Phillip O. Willoughby, accompanying these Objections, at Exhibit 4 (Application for Writ of Execution

27  [Missouri USDC Dkt. 44]) and Exhibit 5 (Missouri Order Denying Writ of Execution [Missouri USDC

28  Dkt. 56]).]  Due to the Agenda set by the Court, personal jurisdiction was never raised.  More

1   importantly, personal jurisdiction was **never** litigated in Missouri; this crucial constitutional issue was

2   raised initially by SMITH in this California proceeding and was ignored by the Magistrate.

3        Therefore, the Magistrate's statement regarding the Missouri proceeding, stating "… Defendant

4   failed to raise any ground for refusing to recognize that foreign judgment," is misleading.  The

5   recognition had already occurred without SMITH's presence, appearance, or argument.  As set forth

6   below, the issue of personal jurisdiction had not been waived, nor is it subject to collateral estoppel.

7   [*See* USDC Dkt 20.] Again, due to improper service of process on SMITH by ACTIVE WAY in

8   California, notice of these proceedings did not come to SMITH's attention until the Clerk of this Court

9   issued a Writ of Execution.

10       Under "Background" [USDC Dkt. 44, at p.2], the Magistrate continued to neglect to mention

11  that the Hong Kong judgment was by default.  As set forth above, the Default Judgment was due to the

12  improper service upon SMITH by way of allegedly giving papers to a terminated accounting clerk who

13  had not been authorized to accept service. [USDC Dkt. 10-1 (Declaration of Hoffman, Exhibit 1); Dkt.

14  10-2 (Declaration Goodloe E. Byron, Jr., para. 5) and accompanying Declaration of Goodloe E. Byron,

15  para. 5)].  ACTIVE WAY committed extrinsic fraud by representing that the service was proper.

16  [USDC Dkt. 10 -1, Hoffman Declaration, Exhibit 1]. This is precisely the basis for non-recognition of

17  a foreign country judgment under the Uniform Foreign-country Money Judgments Recognition Act of

18  2005 and the Restatement 3d of the Foreign Relations Law of the U.S., §482 . In addition, the Hong

19  Kong Default Judgment did not meet the requisites for personal jurisdiction in that there were no

20  minimum contacts; and the agreements to which the subject loans related directly, were the Joint

21  Venture Agreements specifically mandating that jurisdiction was exclusively in the Delaware Courts.

22  The fact that the promissory notes referenced Hong Kong did not negate the mandatory language of the

23  agreement from which the parties acted. [USDC Dkt. 8-4].  Finally, Hong Kong suffered from obvious

24  forum non conveniens problems including the facts that SMITH had no minimum contacts in that

25  jurisdiction and, actually, no presence whatsoever. [USDC Dkt. 10]. There were no witnesses nor

26  evidence in Hong Kong, nor Asia for that matter.

27       Since the Missouri court also relied on facts involving jurisdiction and service of process which

28  were the subject of extrinsic fraud, this Court does not need to recognize the judgment under the full

1   faith and credit provision.  As set forth in *Covington Industries v. Resintex AG*, 629 F.2d 730 (2d Cir.

2   1980), which had been cited by SMITH in the motions before the Magistrate, those judgments are void,

3   629 F.2d at 733.  The *Covington* Court applied Fed.R.Civ.P. 60(b)(4) which the Magistrate in this

4   action erroneously concluded is inapplicable based on her opinion that the underlying judgment was

5   from a foreign country court rather than the Missouri District Court.

6         However, Fed.R.Civ.P. 60(b) does not state either in legislative history or in the cases cited by

7   the Magistrate or ACTIVE WAY that it is limited to sister-state judgments or judgments within the

8   District Court itself.  It would violate due process and justifiable reasoning that relief could only be

9   afforded a judgment debtor from a judgment of the courts in the U.S. and not foreign country courts

10  where greater abuse is possible.  The *Veltze* case on which both ACTIVE WAY and the Magistrate rely

11  (*see Veltze v. Bucyrus-Erie Company*, 791 F.Supp. 1363 (E.D. Wisc. 1992)) concerned an ongoing

12  proceeding in Peru.  Fed.R.Civ.P. 60(b) applies to final judgments only, which is why the *Veltze* court

13  denied the Rule 60(b) motion in that case.

14        The Magistrate also erroneously concluded in her Report and Recommendation that objections

15  to sister-state judgments may only be made in the rendering court.  In *United States Hi-Way Electric*

16  *Co. v. Home Indemnity Co.,* 549 F.2d 10 (7th Cir. 1977), the Court specifically explains why that is not

17  always the case.  The Court stated, 549 F.2d at 14:

18                 "… the district court is empowered to stay the enforcement of a
    registered judgment, we feel that a motion seeking a stay of execution
19                 of a registered judgment under Rule 62(f) is addressed to the sound
    discretion of the district court in the same manner as motions seeking a
20                 stay of an original proceeding in the district court. *Cf. Aetna State Bank
    v. Altheimer*, 430 F.2d 750, 755-56 (7th Cir. 1970); *Horman v. Northern
21                 Trust Co.*, 114 F.2d 118, 124 (7th Cir. 1940), *cert. den*. 311 U.S. 713, 61
    S.Ct. 394, 85 L.Ed. 464."

22

23        In *Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424 (S.D.N.Y. 1975) after obtaining a default

24  judgment against the defendant in the United States District Court for the Central District of California,

25  the plaintiff sought enforcement by registering the judgment in the Southern District of New York.

26  Asserting that it had not been subject to the personal jurisdiction of the rendering court, the defendant

27  moved in the court of registration under Rule 60(b)(4) for relief. The court permitted this attack,

28  holding Rule 60(b)(4) to be an appropriate vehicle for this purpose. Upon consideration of the merits,

1   the court declared the foreign judgment void.

2          The reasoning and conclusion applies with greater force where a foreign country judgment's

3   enforcement with serious personal jurisdiction defects is not stayed pending a hearing on the merits.

4   That is the **crucial** question before this Court and because SMITH was not afforded a full hearing on

5   this issue and SMITH's motions were summarily dismissed by the Magistrate, this Court should

6   independently review the motions and afford SMITH a full hearing on the merits.  In the interim, as

7   requested in SMITH's original motion, a stay of execution of the registered judgment should be granted

8   pursuant to Rule 62.

9          In addition, under California law, particularly California Code of Civil Procedure §1710-1716

10  a lack of personal jurisdiction in the Court of the original judgment, required that said judgment is

11  deemed void.  *Airlines Reporting Corp v. Renda*, 177 Cal. App. 4th 14 (4th Dist. 2009); *Thompson*

12  *Pacific Construction Inc. v. City of Sunnyvale*, 155 Cal.App.4th 525 (6th Dist. 2007).  In *Thompson*,

13  *supra.*, Justice Premo along with Justice Rushing and Justice Elia articulated this principle as follows:

14              A trial court lacks jurisdiction in the fundamental sense where there is
                "an entire absence of power to hear or determine the case, an absence of
15              authority over the subject matter or the parties." (*Abelleira, supra.*, 17
                Cal.2d at p. 288.) For example, a state court has no jurisdiction "to
16              determine title to land located outside its territorial borders," to **"render**
                **a personal judgment against one not personally served with**
17              **process,"** or to determine a case "where the type of proceeding or the
                amount in controversy is beyond the jurisdiction defined for that
18              particular court by statute or constitutional provision." (*Ibid.*) Judgments
                or orders by a court that lacks jurisdiction in this fundamental sense are
19              void.

20  *Thompson*, 66 Cal.Rptr.3d 175, 185 [Emphasis added.]

21          The *Thompson* court further states:

22              Objection may be raised at any time since the parties cannot confer
                jurisdiction by consent; a judgment rendered in the absence of
23              fundamental jurisdiction is simply a nullity. (*Dabney v. Dabney* (2002)
                104 Cal.App.4th 379, 383-384, citing 2 Witkin, Cal. Procedure (4th ed.
24              1996) Jurisdiction, §12, pp. 556-558.).

25  *Thompson*, 66 Cal.Rptr.3d 175, 185-186.

26          Because personal jurisdiction was lacking from the outset in Hong Kong, the Magistrate had

27  no jurisdiction to decide any of the motions. For the same reason, the Missouri Court lacked jurisdiction

28  to recognize the fatally defective Hong Kong Default Judgment.  In addition, as shown below, the

1  attempt to secure SMITH's stock in the Joint Venture was infected with gamesmanship, misconduct,

2  and misrepresentations.

3

4            III.     THE STOCK WHICH ACTIVE WAY ATTEMPTED TO
                      EXECUTE UPON WAS IMPROPERLY ISSUED AND
5                     QUESTIONABLE AT BEST AS TO ITS LEGITIMACY

6            Subsequent to SMITH's opposition to ACTIVE WAY'S Motion for Authorization For Sale of

7  Stock and Credit Bid [USDC Dkt. 27], on December 8, 2017 SMITH's counsel only learned through

8  the U.S. Marshal's office that the stock attempted to be executed upon was improperly issued.  [*See*

9  Declaration of Diana E. Hoffman, filed herewith, and the attached copies of stock certificates].  The

10 stock was not "issued" until an unspecified day in October of 2017 but apparently after October 2, 2017

11 when the Writ was issued. [USDC Dkt. 7.]. The Joint Venture's belated stock "issuance", signed by

12 Brian Hansel, who has played a central role in FDG's schemes to keep SMITH in a financial

13 stranglehold, was obviously timed to make the stock certificates available in physical form for the U.S.

14 Marshal's seizure.  In addition, the stock certificates reference the State of Delaware, not California.

15 [*See* Declaration of Diana E. Hoffman, *supra.*, and the attached copies of stock certificates].

16 Accompanying these objections and attached to the Declaration of Goodloe E. Byron, Jr. are the last

17 documents purporting to authorize issuance of stock in the Joint Venture, which were unexecuted by

18 SMITH (executed by Brian Hansel only for the Joint Venture).

19           In these documents, the number of shares to be issued is blank and the date in the month of May

20 2016 in the stock issuance agreement is not specified. These documents were created **17 months** prior

21 to the "issuance" of the alleged stock certificates subject to the Writ. They were in the possession of

22 the marketing coordinator at the time they were turned over to the U.S. Marshal's Office.  As shown

23 in the attached documents [Exhibit 3-6 to the Declaration of Goodloe E. Byron, Jr. attached to these

24 Objections], only Delaware is referred to for the Joint Venture, not California. No reference to

25 California appears anywhere. Therefore, California has no subject matter jurisdiction and no personal

26 jurisdiction.

27           Under 28 U.S.C. 636(b)(1), a judge of the District Court may reject in whole or in part the

28 findings or recommendations made by the magistrate judge and the judge may also receive further

1    evidence.  In this case, as argued earlier, the Magistrate had no authority to hear SMITH's motions. In

2    addition, due to her decision to vacate the hearings on the motion to sell the stock, SMITH was unable

3    to bring up this important new evidence, which had only been discovered on Friday, December 8th,

4    prior to the scheduled hearing on Monday, December 11, 2017.

5         Since ACTIVE WAY and SMITH are not citizens of nor doing business in California,

6    California was an improper forum for diversity jurisdiction [*see Hertz v. Friend*, 559 U.S. 77 (2010)].

7    As set forth in *Covington Industries v. Resintex AG, supra.*, while the original court's jurisdiction is

8    presumptively valid, if the issue of jurisdiction has not previously been litigated, it may be raised in the

9    enforcing court.  *See also Adam v. Saenger* 303 U.S. 59, 62.

10

11                              **CONCLUSION**

12         For the foregoing reasons, SMITH requests that this Court order the following:

13         1)    That the Magistrate's Report and Recommendation be disregarded in the entirety;

14         2)    That a stay of all enforcement proceedings be issued pending a full review of the

15   jurisdictional and other issues of this case;

16         3)    That neither authorization of the sale of the stock nor credit bill be permitted; and

17         4)    That, should the Court decide that no hearing is necessary prior to the determination

18   of these issues, that SMITH be allowed a reasonable period of time to engage in discovery of the

19   issue of the status of the stock.

20

21   Dated: Tuesday, December 26, 2017          Respectfully submitted,

22                                             HONIGMAN MILLER SCHWARTZ & COHN LLP

23                                             s/ PJK

24                                             by: PHILIP J. KESSLER

25                                             LAW OFFICES OF DIANA E. HOFFMAN

26                                             s/ DEH

27                                             by: DIANA E. HOFFMAN

28   //

1    //

2                                         LAW OFFICES OF FRANK Z. LEIDMAN

3                                                s/ FZL

4                                         _____

                                          By:  FRANK Z. LEIDMAN
5
                                          Attorneys for Defendant
6                                         SMITH ELECTRIC VEHICLES CORPORATION
                                          f/k/a SMITH ELECTRIC VEHICLES US CORP.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACTIVE WAY v. SMITH ELECTRIC VEHICLES CORPORATION
f/k/a SMITH ELECTRIC VEHICLES US CORP.
Case No. 3:17-mc-80118-EMC
<u>United States District Court for the Northern District California, San Francisco Division</u>

## CERTIFICATE OF SERVICE

The undersigned declares:

I am a citizen of the United States of America, am over the age of 18 years, and am not party to the above-referenced action.  My business address is Law Offices of Frank Z. Leidman, 345 Franklin Street, Suite 105, San Francisco, California 94102-4427.  I served a true copy of the following document(s):

**SMITH ELECTRIC VEHICLES CORPORATIONS'**
**OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**
**and**
**DECLARATIONS OF DIANA E. HOFFMAN, GOODLOE E. BYRON,**
**and PHILLIP WILLOUGHBY**
**IN SUPPORT OF SMITH ELECTRIC VEHICLES CORPORATIONS'**
**OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Service was made on the individual(s) indicated below by causing the filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing electronically to the other attorneys who have filed appearances in this case. Additionally, service was made by email to:

| | |
|---|---|
| **Daniel Eugene Sakaguchi** | **daniel@altolit.com** |
| **Ian Edward Browning** | **ian@altolit.com** |
| **Robert John Browning** | **rbrowning@armstrongteasdale.com,** |
| | **bbathe@armstrongteasdale.com** |
| **Philip Joel Kessler** | **pkessler@honigman.com** |
| **Diana E. Hoffman** | **hoffman.diana@gmail.com** |
| **Frank Z. Leidman** | **frank@leidmanlaw.com** |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Francisco, California, on December 26, 2017.

s/ Frank Z. Leidman

_____
FRANK Z. LEIDMAN