UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVE WAY INTERNATIONAL LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SMITH ELECTRIC VEHICLES CORP.,<br><br>　　　　　Defendant. | Case No. 17-mc-80118-EMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Docket No. 44 |

　　　　This is an action to register and enforce a judgment entered by the Western District of Missouri ("Missouri Judgment") against Defendant Smith Electric Vehicles Corp. and in favor of Plaintiff Active Way International Limited. The Missouri Judgment, in turn, was based on the recognition of a judgment obtained by Plaintiff against Defendant in Hong Kong ("Hong Kong Judgment"). The detailed factual and procedural background of both proceedings is set forth in the Magistrate Judge's Report and Recommendation. *See* Docket No. 44 at 2-3.

　　　　Defendant's motion for a temporary stay of enforcement of the judgment, Docket No. 10, and Plaintiff's motion to authorize sale of stock and credit bid, Docket No. 27, are both pending. The Magistrate Judge previously denied Defendant's motion and granted Plaintiff's motion, but after appeal to and remand from the Ninth Circuit, both orders were vacated because the parties had not consented to the jurisdiction of a magistrate judge. *See* Docket No. 43. Upon remand, the Magistrate Judge published a report and recommendation and re-assigned the case to an Article III judge. *See* Docket No. 44.

　　　　Defendant filed objections to the report and recommendation and Plaintiff has responded. *See* Docket Nos. 46 and 51. For the reasons explained below, the Court **ADOPTS** the Magistrate

Judge's well-reasoned recommendations.

## I. LEGAL STANDARD

A magistrate judge may be designated "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of various motions enumerated in the statute, including motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b)(1). After service of the magistrate judge's recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.* § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2). When such objections are made, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

This Court's local rules further require that a motion for de novo determination "must specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." Local Civ. R. 72-3(a).

## II. DISCUSSION

Defendant objects that the Magistrate Judge's report and recommendation should not be considered *in toto* because the parties did not consent to a magistrate judge's jurisdiction. To the extent the Court considers the report and recommendation, Defendant objects that (i) the Magistrate Judge "neglects to point out that the judgment [it] was contesting was a default judgment in Hong Kong"; (ii) the Magistrate Judge erred by refusing to review either the Missouri Judgment or the Hong Kong Judgment under Rule 60(b); and (iii) the Magistrate Judge did not consider "new" evidence that the stock Plaintiff sought to execute upon had been improperly issued. Each issue is addressed below.

A. <u>The Magistrate Judge Was Authorized to Issue a Report & Recommendation</u>

Defendant argues that in the absence of consent, the Magistrate Judge was not authorized to issue a report and recommendation on the pending motions and that this Court should therefore

1  disregard it.  That argument is meritless.  It is precisely when the parties do not consent to a

2  magistrate judge's jurisdiction that the magistrate judge must prepare a report and

3  recommendation on dispositive motions, and then refer the matter to an Article III judge for

4  decision.  *See* 28 U.S.C. § 636(b)(1)(B).  Moreover, this Court's General Order No. 44 provided

5  for initial assignment of the matter to the Magistrate Judge.  *See* General Order No. 44, Section

6  E.3 ("Upon filing . . . all civil miscellaneous matters will be randomly assigned in the first instance

7  to a magistrate judge who will either resolve the matter or, if necessary, prepare a report and

8  recommendation and request assignment of the matter to the district judge who was the general

9  duty judge on the date the miscellaneous matter was filed.").  Thus, there is no merit to the claim

10 that the Magistrate Judge lacked authorization to issue a report and recommendation.  This Court

11 will therefore consider the report and recommendation consistent with 28 U.S.C. § 636 and

12 Federal Rule of Civil Procedure 72.

B. <u>The Magistrate Judge's Recommendations Are Sound</u>

Defendant's objections to the Magistrate Judge's recommendations are not persuasive.

With respect to the objection that the Magistrate Judge "neglected" to mention that the Hong Kong Judgment was entered in default, that simply mischaracterizes the record.  The Magistrate Judge was cognizant that the Hong Kong judgment was issued in default, *see* Docket No. 44 at 2:26, and was well aware that Defendant was arguing the Hong Kong judgment was procured improperly and therefore should be set aside, *id.* at 3:24-27.  Thus, the Magistrate Judge did not "neglect" that contention.

To the extent Defendant objects that the Magistrate Judge incorrectly held that Rule 60(b) does not permit this Court to reconsider or review a judgment entered by *another* court on the merits, the Magistrate was correct for the same reasons she stated.

Moreover, Plaintiff seeks to enforce the Missouri Judgment in this Court, not the Hong Kong judgment.  As the Magistrate correctly explained, Defendant is limited here to challenging the personal jurisdiction of the Missouri court, not the Hong Kong court.  Such an argument would be futile because the docket of the Missouri case reveals that Defendant appeared there, participated in the proceedings, never objected to that court's personal jurisdiction, and never filed

3

a motion to dismiss on that basis. *See Active Way Int'l Ltd. v. Smith Electric Vehicles Corp.*, Case No. 5:16-mc-06158-RK, Docket Nos. 21, 26, 30, 38, 43, 52 (W.D. Mo. 2016). Having failed to challenge the Missouri court's personal jurisdiction in that court or take an appeal from its final judgment, Defendant may not now challenge that court's personal jurisdiction for the first time in this Court.

Finally, Defendant argues there is "new" evidence concerning the validity of the stock certificates issued by Chanje, Inc. to Defendant and then seized by Plaintiff in executing the judgment against Defendant. Specifically, Defendant contends that the stocks were "issued" for the purpose of making them available for physical seizure. However, that appears to be an attack on the validity of the stock certificates, not to whether they could be seized in executing the judgment.[1] Moreover, Defendant's argument that this Court lacks jurisdiction to effectuate the seizure of the stock certificates simply because Chanje is a Delaware corporation is unavailing because the certificates were physically located in California at Chanje's principal place of business. The Magistrate Judge therefore correctly applied California law in executing the judgment and authorizing seizure of the stock certificates in California. *See* Docket No. 44 at 4-5 (citing Fed. R. Civ. P. 69, which provides that federal courts apply state law in which it sits to execute a judgment); Cal. Code Civ. Proc. § 701.530 (explaining procedure for sale of personal property); *see also Newco Energy Acquisitions Holdings, LLC v. Schulgen*, 2017 WL 633897, at *2 (E.D. Cal. Feb. 15, 2017) (explaining stock is considered "personal property" under California law).

///
///
///
///
///
///

---

[1] Indeed, if Defendant contends the stock certificates are invalid, then it is unclear how it is prejudiced by their seizure.

4

Accordingly, Defendant's objections are unavailing. For the reasons stated in the Magistrate Judge's persuasive and well-reasoned report and recommendation, and those stated above, the Court hereby **ADOPTS** the recommendation in full, **DENIES** Defendant's motion for a stay of enforcement, and **GRANTS** Plaintiff's motion to authorize sale of stock and credit bid.

This order disposes of Docket Nos. 10, 27, and 44.

**IT IS SO ORDERED**.

Dated: January 25, 2018

_____
EDWARD M. CHEN
United States District Judge