United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVE WAY INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SMITH ELECTRIC VEHICLES CORP.,<br><br>Defendant. | Case No. 17-mc-80118-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL**<br><br>Docket No. 53 |

Defendant Smith Electric Vehicles Corp. ("Smith") requests the Court stay its order denying Smith's motion for a preliminary injunction and granting Plaintiff Active Way International Limited ("Active Way")'s motion to transfer stock and credit bid. *See* Docket No. 52. A litigant is not entitled to a stay pending appeal as a matter of right, but rather, a court must consider: (1) the likelihood of success on the merits on appeal; (2) irreparable injury absent a stay; (3) injury to other interested parties by a stay; and (4) the public interest. *See Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

Smith falls far short of meeting its burden. It has not shown a likelihood of success on the merits. In this case, Active Way seeks to enforce a judgment issued by a federal district court in Missouri ("Missouri Judgment"). The Missouri Judgment, in turn, was based on the recognition of a judgment issued by a Hong Kong tribunal ("Hong Kong Judgment"). Smith argues it can attack the Hong Kong tribunal's personal jurisdiction over it here, but that is incorrect. Active Way is enforcing the Missouri Judgment, not the Hong Kong Judgment. The two cases cited by Smith are inapposite because they involve direct challenges to the jurisdiction of the court that entered judgment sought to be enforced; here, that would be to the Missouri Judgment. *See*

*Covington Industries v. Resintex*, 629 F.2d 730, 733 (2d Cir. 1980); *Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424 (S.D.N.Y. 1975). Smith presents no case suggesting the Court may look behind the Missouri Judgment to the underlying Hong Kong judgment. It has not persuaded the Court of a likelihood of success on the merits.

Smith also argues that the stock certificates evidencing its ownership of a joint venture are invalid for failure to comply with procedural requirements under Delaware law. The certificates were previously seized by the federal marshal in execution of the Missouri Judgment. Whether the certificates comply with Delaware law is irrelevant; the Court has not passed on their validity. The Court has only passed on whether Active Way may take possession in execution of the Missouri Judgment. Smith has not shown it can succeed on the merits in showing Active Way may not take possession of the certificates for the reasons stated above. In any case, Smith's argument that the stock certificates are invalid defeats any argument of irreparable harm. If the stock certificates are in fact invalid, then it is unclear how their seizure or sale by Active Way can harm Smith. By Smith's logic, they are invalid so even Smith may not sell or use them.

As Smith can neither demonstrate a likelihood of success on the merits or irreparable harm in the absence of a stay, the Court need not reach the other two factors concerning prejudice to Active Way or the public interest. The Court **DENIES** Smith's request for a stay.

Finally, the parties are warned and reminded of their duty of candor to the Court. *See* Northern District of California Guidelines for Professional Conduct, http://www.cand.uscourts.gov/professional_conduct_guidelines. In its opposition, Active Way stated that "Smith has been dissolved as a corporation by the Missouri Secretary of State." Smith's reply calls this "a false statement." However, the Missouri Secretary of State's website shows Smith's corporate status as administratively dissolved as of October 24, 2017.[1] The Court will not tolerate such behavior. Further, Smith is advised to review the Federal Rules of Civil Procedure as well as this Court's local rules. Its claim that Active Way's opposition, filed February 20, 2018, is untimely is frivolous. Not only does the ECF entry for Smith's motion

---

[1] *See* https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=2755975.

2

clearly set a response due date of February 20, 2018, *see* Docket No. 53, but February 19, 2018 (the due date according to Smith) was a legal holiday so the deadline was pushed to the following business day. *See* Fed. R. Civ. P. 6(a)(1)(C). Future violations of the duty of candor or failure to review the rules of this Court may result in sanctions.

This order disposes of Docket No. 53.

**IT IS SO ORDERED**.

Dated: February 23, 2018

_____
EDWARD M. CHEN
United States District Judge